IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | | |
|---|---|---|
| CELIA C. THOMAS, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 06-514-HO |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

Plaintiff brings this proceeding pursuant to section 205(g) of the Social Security Act (the Act), as amended, 42 U.S.C. § 405(g), to obtain judicial review of the Commissioner's final decision denying plaintiff's application for supplemental security income disability benefits. Plaintiff asserts disability beginning August 1, 1992, due to high blood pressure, glaucoma, osteoporosis, graves disease, heart disease, stent implants, and high cholesterol. After a hearing, the administrative law judge (ALJ) determined that plaintiff is not

1 - ORDER

disabled.

Plaintiff contends the ALJ erred in: (1) rejecting the opinion of examining psychologist Susan L. Donnell, Ph.D.; and (2) relying on vocational expert testimony that plaintiff could perform work as a photo finisher.

1.    Dr. Donnell

Dr. Donnell diagnosed plaintiff with major depressive disorder and post-traumatic stress disorder.  Tr. 199, 430.  On February 18, 2004, Dr. Donnell evaluated plaintiff with a global assessment of functioning score of 40 indicating a serious impairment in occupational functioning.  Tr. 431.  Dr. Donnell found plaintiff markedly limited in her ability to: (1) carry out detailed instructions; (2) maintain attention and concentration; (3) sustain an ordinary routine without special supervision; (4) work in coordination with or proximity to others without being distracted by them; (5) complete a normal workday and workweek without interruptions and perform at a consistent pace without an unreasonable number of and length of rest periods; (6) interact with others appropriately and with the general public; (7) accept instructions and respond appropriately to criticism from supervisors; and (8) get along with co-workers or peers without distracting them or exhibiting behavioral extremes.  Tr. 434.

The Commissioner contends that the ALJ did not reject this

assessment, but only that he gave it less weight.  <u>See</u> Tr. 28 (ALJ "gives the opinion less weight" because Dr. Donnell is not a treating physician because claimant saw her expressly for the purpose of getting a report in support of disability).  However, the ALJ did, in fact, reject much of Dr. Donnell's assessment by failing to include the noted limitations in the RFC findings and in the hypothetical offered to the vocational expert to determine if plaintiff could perform other work.  <u>See, e.g.</u>, Tr. 33 (plaintiff is capable of completing a normal workday and workweek without excessive interruptions due to psychological problems).  The record does not contain an opinion from the vocational expert as to ability to work with all of the restrictions found by Dr. Donnell.

Where an ALJ chooses to disregard the opinion of an examining physician, he must set forth clear and convincing reasons for doing so if the physician's opinion is not contradicted by another doctor. <u>Smollen v Chater</u>, 80 F.3d 1273, 1285 (9th Cir. 1996).  If the physician's opinion is contradicted by another doctor and the ALJ wishes to disregard the opinion, the ALJ must set forth "specific, legitimate reasons for doing so that are based on substantial evidence in the record." <u>Id</u>.  To meet this burden, the ALJ must set out a detailed analysis and thorough summary of the facts and conflicting clinical evidence, state his interpretation thereof, and make findings.   <u>Embrey v Bowen</u>, 849 F.2d 418, 421 (9th Cir. 1988). "The ALJ must do more than offer his conclusions. He must set forth

his own interpretations and explain why they, rather than the doctors', are correct." Id.

The ALJ has failed to set forth the required reasoning for rejecting the opinion of Dr. Donnell. As the Commissioner concedes, in the absence of other evidence to undermine the credibility of medical report, the purpose for which the medical report is obtained does not provide a legitimate basis for rejecting it. See Reddick v. Chater, 157 F.3d 715, 726 (9th Cir. 1998).[1]

2.  Vocational Testimony

The vocational expert identified only one the job that the plaintiff could perform given the ALJ's assessment of her functional capacity--a photo finisher. Tr. Tr. 644. Plaintiff notes that the dictionary of occupational titles (D.O.T.) describes the job of photo finisher as requiring trimming of print edges, using a paper cutter, and inserting prints into frames among other things. Plaintiff contends that because the ALJ found that plaintiff lacks the ability to perform work requiring visual acuity, the finding that plaintiff can perform the job of photo finisher is not supported. To the

---

[1]Although the Commissioner contends that the ALJ "did not reject Dr. Donnell's opinions," the Commissioner also states that the ALJ "in effect found that Dr. Donnell accepted plaintiff's subjective account of her activities and limitations." However, the ALJ found plaintiff to lack credibility and thus, apparently, found that Dr. Donnell's opinion may appropriately be disregarded. The ALJ did not give such reasoning for rejecting Dr. Donnell's opinion and the court cannot speculate as to the reason for the rejection.

4 - ORDER

extent the vocational expert relied on the hypothetical posed by the ALJ, the expert did not opine contrary to the DOT.  Even if he had, a vocational expert may testify contrary to the DOT if persuasive evidence supports the deviation.  See Johnson v. Shalala, 60 F.3d 1428, 1435 (9th Cir. 1995).  The ALJ did not find that plaintiff's visual impairment is severe and plaintiff does not challenge this finding.

As noted below, a remand is necessary to address the impact of Dr. Donnell's assessment on plaintiff's ability to work.  Given this deficiency in the record, to the extent necessary, the remand can address any alleged inconsistencies between the DOT and the vocational expert's testimony.  See Light v. Social Security Administration, 119 F.3d 789, at 793 (9th Cir. 1997) (failure to explain departure from the DOT warranted remand).

The decision whether to remand a case for additional evidence, or simply to award benefits is within the discretion of the court." Sprague v. Bowen, 812 F.2d 1226, 1232 (9th Cir. 1987) (citing Stone v. Heckler, 761 F.2d 530 (9th Cir. 1985)).  Remand is appropriate where further proceedings would be likely to clear up defects in the administrative proceedings, unless the new proceedings would simply serve to delay the receipt of benefits and are unlikely to add to the existing findings.  McAllister v. Sullivan, 880 F.2d 1086 (9th Cir. 1989).

The ALJ improperly disregarded the assessment of plaintiff's

limitations by Dr. Donnell.  The vocational expert was not given an opportunity to opine as to the impact of this assessment on plaintiff's ability to work.  Accordingly, a remand is necessary to resolve this defect in the record.

<u>CONCLUSION</u>

Pursuant to Sentence 4 of 42 U.S.C. § 405(g), the decision of the Commissioner is reversed and remanded for further proceedings to address the deficiencies noted above.

DATED this ___10th___ day of ____May_____, 2007.

_____  s/ Michael R. Hogan_____
                                   UNITED STATES DISTRICT JUDGE

6 - ORDER